UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 KERN, GALLAGHER, and YOB
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist EXAVIOUS J. DAVENPORT
 United States Army, Appellant

 ARMY 20090507

 Headquarters, V Corps
 Edward J. O’Brien, Military Judge
 Colonel Flora D. Darpino, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Lieutenant Colonel Kageleiry, Jr., JA; Captain Kristin
McGrory, JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber Williams, JA;
Major LaJohnne A. White, JA; Major Thomas E. Brzozowski, JA (on brief).

 9 August 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
KERN, Senior Judge:

 A military judge, sitting as a general court-martial convicted
appellant, contrary to his pleas, of one specification of aggravated sexual
contact with a child who had not attained the age of twelve years, in
violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920
[hereinafter UCMJ]. The military judge sentenced appellant to a bad
conduct discharge and confinement for three years. The convening authority
approved the adjudged sentence.

 FACTS

 Appellant was a family friend of Specialist C.R., his wife, and their
three children, including their six year-old daughter, H.R. H.R. knew
appellant as a friend of her father’s and referred to him as “Moochie.”
On an evening in January 2008, the appellant and another soldier spent the
night at the on-post residence of Specialist C.R. During the night,
appellant entered H.R.’s room and laid in the bed with her. In the middle
of the night around 2 o’clock in the morning, H.R. was awakened by
appellant placing his hand in her pajamas and touching her privates
[vagina]. H.R. then told appellant she was allowed to sleep with her
parents and immediately got out of bed and went to her parents’ bedroom.
In an aggravated, scared and upset state, H.R. woke her mother up and told
her that “Moochie” [appellant] touched her “who who” [vagina]. When
telling her mother this, H.R. appeared distant, had her fingers in her
mouth and was mumbling her words unlike she had ever done before. H.R.
then went to sleep in her parents’ bed. Upon waking up around 8 o’clock in
the morning, H.R. still appeared to be in a very distant state like the
night before. When her mother asked H.R. what happened, H.R. replied that
“Moochi” [appellant] touched her “who who” [vagina] and that he put his
hand inside her panties. When telling her mother this in the morning, H.R.
was acting the same as the night before, had her hands in her mouth and
seemed uncomfortable. At trial, over defense counsel objection, the mother
testified as to what H.R. told her in the middle of the night and in the
morning.

 LAW AND DISCUSSION

 Counsel for appellant argues that the military judge erred in
admitting into evidence as excited utterances, over defense objections, two
hearsay statements made by H.R. to her mother. The standard of review for
the military judge’s admissibility ruling is abuse of discretion. United
States v. Moolick, 53 M.J. 174 (C.A.A.F. 2000).

 Under Military Rule of Evidence [hereinafter Mil. R. Evid.] 803(2),
statements relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or
condition are “excited utterances,” and not excluded by the hearsay rule,
even if the declarant is available as a witness. A three prong test for
determining if a statement qualifies as an excited utterance is whether:
(1) the statement relates to a startling event; (2) the declarant makes the
statement while under the stress of the excitement caused by the startling
event; (3) the statement is “spontaneous, excited, or impulsive rather than
the product of reflection and deliberation.” United States v. Donaldson,
58 M.J. 477, 482 (C.A.A.F. 2003) (citing United States v. Feltham, 58 M.J.
470 (C.A.A.F. 2003) (quoting United States v. Iron Shell, 633 F.2d 77, 86
(8th Cir. 1980)). Other factors used to determine whether a declarant is
under the stress of a startling event include “the lapse of time between
the startling event and the statement, whether the statement was made in
response to an inquiry, the age of the declarant, the physical and mental
condition of the declarant, the characteristics of the event and the
subject matter of the statement.” Donaldson, 58 M.J. at 483 (quoting Reed
v. Thalacker, 198 F.3d 1058, 1061 (8th Cir. 1999). In cases with a young
declarant, courts have been flexible regarding the lapse of time between
the startling event and the statement. Donaldson at 484 (citing United
States v. Jones, 30 M.J. 127 (C.M.A. 1990)).

 In this case, both statements at issue involve the six year-old
daughter telling her mother that the appellant touched her “who who”
[vagina]. Regarding the first statement made in the middle of the night,
even though H.R. testified that she was not really scared when she left
appellant in her bed and went to her parents’ room, her demeanor was
aggravated, scared, and upset as she woke her mother up at 2 o’clock in the
morning. She was acting distant, had her fingers in her mouth, and was
mumbling her words unlike she had ever done before. Furthermore, she woke
her mother up specifically to tell her that appellant touched her vagina.

 With regard to H.R.’s statements made the next morning, H.R. again
was acting like she did the night before. She was very distant,
uncomfortable, and had her hands in her mouth when responding to her mother
about what happened. In addition, the fact that she was asleep for nearly
all of the time between the startling event and the morning statements
leads to the conclusion that those statements were spontaneous, impulsive
and still under the excitement of the event, rather than the product of
reflection and deliberations.

 The evidence in this case amply supports the military judge’s ruling
to admit these two statements under Mil. R. Evid. 803(2) as excited
utterances. We find the military judge did not abuse his discretion in
admitting the child’s statements to her mother as excited utterances.

 CONCLUSION

 On consideration of the entire record, including consideration of the
other issues specified by appellant, we hold the findings of guilty and the
sentence as approved by the convening authority correct in law and fact.
Accordingly, those findings of guilty and the sentence are AFFIRMED.

 Judge GALLAGHER and Judge YOB concur.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court